## Chicago & Alton R. R. Co. v. Means.

1. *Verdicts—Special Findings and General Verdict.*—Where, in an action for personal injuries occasioned by a fall which the plaintiff received while a passenger on a railroad train and from which she was endeavoring to alight at a station on the road, the plaintiff relied upon, as the

C. & A. R. R. Co. v. Means.

ground of her right of recovering, the failure of the company to stop the train a sufficient length of time to enable her to alight in safety, and the jury upon a special interrogatory submitted to them found that the train did stop a reasonable time at the station, *it was held* that, notwithstanding a general verdict for the plaintiff, a judgment could not be sustained under the declaration.

2. *Verdict against the greater weight of the evidence.*—Where in an action for personal injuries, caused by the sudden stopping of a train upon which the plaintiff was a passenger, the allegations of the declaration were supported by the testimony of the plaintiff and her niece, and directly contradicted by testimony of the conductor, engineer and fireman of the train, and also by two other persons who were passengers and in the same coach with the plaintiff at the time she received the injury complained of, *it was held* that the jury was not warranted in finding that the injury was caused by the sudden and improper stopping of the train.

Memorandum.— Action for personal injuries. Appeal from the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Circuit Judge. Heard in this court at the May term, A. D. 1892. Opinion filed October 17, 1892.

APPELLANT'S STATEMENT OF THE FACTS.

Elizabeth Means, a lady past seventy years of age, together with her niece, about forty-five years of age, on the 24th of September, 1890, became passengers on one of the trains of the Chicago & Alton road at Springfield, Ill., to go to Elkhart, in Logan County.

The train left Springfield about half-past 8 o'clock in the evening and would arrive in Elkhart a little after 9 o'clock. The ladies were seated three or four seats from the door of the car. When the train was approaching the station at Elkhart, and after the speed of the train had begun to slow down for the station, the brakeman announced the station of Elkhart, and took the large valise of Mrs. Means and carried it out on the steps of the car. Mrs. Means' niece having followed the brakeman out of the car, Mrs. Means arose from her seat while the car was still in motion and walked to the door. When the train came to a stop Mrs. Means fell backward in the aisle of the car and received an injury to her hip. The verdict of the jury was for the plaintiff, and damages assessed at $1,400.

APPELLANT'S BRIEF.

A passenger who unnecessarily exposes herself to danger by going to a place of danger, as attempting to leave a moving train, where the act contributed to an injury which she would otherwise have escaped, can not recover.  Illinois Central v. Green, 81 Ill. 24; Chicago & Alton Ry. Co. v. Becker, 76 Ill. 31; 2 Redfield on Railways, 224; C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 330; C. R. I. & P. R. R. Co. v. Bell, Admr., 70 Ill. 103; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 511; Pittsburg & Connellsville Ry. Co. v. Andrews, 39 Md. 329; Indianapolis Ry. Co. v. Rutherford, 29 Ind. 82; Chicago & Alton v. Fisher, 31 Ill. App. 36; Same v. Pillsbury, 123 Ill. 21.

E. D. BLINN, attorney for appellant.

APPELLEE'S BRIEF.

A carrier is liable for injuries to passengers in its cars, caused by a sudden jolting of the car in starting or coming to a stop and in such cases it is for the jury to say whether or not the plaintiff was contributorily negligent in rising from the seat before the train stopped.  Am. & Eng. Ency. of Law, Vol. 2, page 765, and authorities cited; Phillips v. Rensselaer & S. R. R. Co., 57 Barb. 651; Wylde v. Northern R. R. Co., 53 N. Y. 161.

Whether arising and attempting to alight while a train is in motion is such contributory negligence as will bar a recovery, is under all circumstances of the case a question of fact for the jury.  Chicago & Alton R. R. Co. v. Bonifield, 104 Ill. 223; L. E. & W. R. R. Co. v. Morain, 36 Ill. App. 632; Illinois Central R. R. Co. v. Haskins, 115 Ill. 300; Chicago & N. W. R. R. Co. v. Trayes, 33 Ill. App. 307; Doss v. M., K. & T. R. R. Co., 59 Mo. 27; Wyatt v. Citizens' R. R. Co., 55 Mo. 485; Kansas & G., S. & L. R. R. Co. v. Dorough (Supreme Court Texas), 10 S. W. Rep. 712; Louisville, etc., R. R. Co. v. Crunk, 119 Ind. 542; Bucher v. N. Y. Central Ry. Co., 98 N. Y. 128; Penn. Ry. Co. v. Kilgore, 32 Penn. St. 292; Waller v. Hannibal Ry. Co., 83 Mo. 608;

Nance v. Carolina, etc., Ry. Co., 94 N. C. 619; Georgia Ry. Co. v. McCurdy, 45 Ga. 288.

Whether it is negligence to alight from a train while in motion, is a question of fact to be decided by a jury under all the circumstances, and not of law for the court.    Chicago & Alton R. R. Co. v. Bonifield, 104 Ill. 223; Pennsylvania Co. v. Frana, 112 Ill. 398; Pennsylvania Co. v. Conlan, 101 Id. 94; Indianapolis & St. Louis R. R. Co. v. Morgenstern, 106 Id. 220.

It is not negligence *per se* to attempt to alight from a moving train.    Louisville & Nashville R. R. Co. v. Crunk, 119 Ind. 542; N. Y. Phila. & Norfolk Ry. Co. v. Coulbourn, 69 Md. 360; Doss v. M., K. & T. R. R. Co., 59 Mo. 27; Penn. Ry. Co. v. Kilgore, 32 Penn. St. 292; Railroad Co. v. Murphy, 46 Texas, 356; Thompson on Trials, Vol. 2, Sec. 1684; 2 Wood's Railway Law, 1130; Thompson on Carriers, 227, 267; Beach on Contributory Negligence, 157.

BEACH & HODNETT, attorneys for appellee.

OPINION OF THE COURT, *The Hon. Carroll C. Boggs, Judge.*

This is an appeal from a judgment in favor of the appellee in the sum of $1,400 as damages for personal injuries occasioned by a fall which she received while a passenger upon appellant's train from which she was intending and endeavoring to alight at Elkhart, a station on appellant's road.

The alleged failure of the appellant to stop the train at the station a sufficient length of time to enable the appellee to alight safely is relied upon as the ground of the right of recovery under the first and second counts of the declaration.

The jury in answer to the second special question propounded to them, found that the train did stop a reasonable time at the station.    Therefore the judgment can not rest upon either of these counts.    The declaration contains three other counts all substantially the same; the allegations of each being that the car in which the appellee was a passen-

ger was by reason of the negligence of the servants of the appellant company, in stopping and handling the train upon its arrival at the station of Elkhart, suddenly and violently stopped, jerked, jarred and jolted and caused to recoil, whereby the appellee, when attempting, on invitation of a servant of the appellant, to alight, was thrown with great force and violence upon the floor of the car and thereby severely injured, bruised and wounded, etc., etc.

The allegations of these counts find some support in the testimony of the appellee, but the only positive testimony that the train was stopped suddenly and violently, is that of Elizabeth Draper, a niece of the appellee, who was upon the platform at the station. In this respect both are, however, directly contradicted by the testimony of the conductor, the engineer and the brakeman of the train, and also by Rachel Rosenthal and Albert Jacobs, both of whom were passengers and in the same coach with the appellee at the time she received the fall.

Rachel Rosenthal testified that she had traveled frequently on this road and other roads, and that the stop made by the train at the time in question was not different from the ordinary stops nor in any way unusual. That she (the witness) was not thrown forward nor backward nor in any way affected by it.

Mr. Jacobs testified that he saw the appellant in the car and saw her fall; that the train stopped as usual and in such a manner as not to jolt, jar or affect him in any way. The allegation that the train stopped suddenly and violently is not supported by the evidence, but is against the greater weight of the testimony. It is not complained that any employe of the appellant was incompetent to perform his duties and the proof amply shows that the train was well equipped with the best and safest appliances for stopping and controlling trains.

The appellee at the time was of the age of seventy years. She occupied a chair some four or five seats distant from the door of the car and had with her a valise.

She was accompanied by her niece, a lady of about forty

C. & A. R. R. Co. v. Means.

· years of age, who occupied a seat near the door. Both intended to alight at Elkhart, where another niece of the appellee, whose testimony we have referred to, was awaiting them. The niece who was in the car with the appellee, was not produced as a witness. The appellee's account of the occurrence is as follows: "I set my valise on the seat with me. When they called the name of the station at Elkhart, when the train was kinder slowing up like, the conductor or porter, I don't know which, came along and picked up my valise. I told him not to take them until the train stopped, and they started on with it, and after a while, my niece got up and went out. The porter, or conductor, with my valise, went out of my sight; my niece went on out, and I started to go out, and the train was kinder slowing up like; I kind of held on to the seats until I thought I could reach the door. Just as I let go of the seat to reach the door, the cars came together, and I fell backward on the floor, between the seats."

Upon cross-examination she stated that "she knew the cars was in motion when she left her seat, and she had about got to the door when the car stopped and she fell backward. That she was not very active, that one of her age could not be expected to be, but that she got about pretty well." Thus it is seen that the attempt of the appellee to reach the door while the train was in motion, directly contributed to, if it was not the sole cause of, the fall, and of the consequent injuries. While passing along the aisle she supported herself against the motion of the train by clinging to the arms of the seats until she thought she could let go and maintain an upright position by her own strength, long enough to reach the door. Just as she did let go of the seat, the train stopped, and she fell; a result quite likely to occur, even had she been a much younger and more active person. Her acts, when her age is considered, seem to us to have been very imprudent. Was she invited to take the course she did? The appellee's counsel urge that she was invited by an employe of the company to attempt to alight while the train was in motion. While

the train was in motion, the brakeman called the name of the station at which she was to alight, but she remained in her seat, and it is not claimed that she understood that it was her duty, or that she was expected or invited to arise when or because the name of the station was called. It was the duty of the appellant to give passengers reasonable notice of the approach of the train to the station, in order that those who were to alight there might be advised and be ready to leave the train when it came to a stop. Dawson v. L. & N. R. R., 11 Amer. and Eng. R. R. Cases, 134.

The brakeman, while the train was in motion, passed through the car and took valises belonging to the appellee and others who intended to leave the car, and carried them out upon the platform.

Counsel for appellee, who have furnished us with a very interesting, able and exhaustive brief and argument, suggest that the act of the brakeman in taking the valise of the appellee ought reasonably be construed as an invitation to her to follow him out of the car.

As to this it is sufficient to say that the appellee did not so receive it. Her testimony is: "The conductor or porter came along and picked up my valise; I told him not to take my valise until the train stopped, but he went on with it. After a while my niece got up and went out. I thought I must go, and I started to go out," etc. The action of the niece seems to have been the real cause of the attempt of the appellee to leave the train.

In our opinion the jury were not warranted in finding that the appellee was injured by reason of a sudden and improper stopping of the train, as charged in the declaration, nor do we think it sufficiently shown that in attempting to leave the train while it was in motion, the appellee was acting as upon the invitation of a servant of the appellant.

For the reasons indicated the judgment must be reversed and the cause remanded.